1  MORGAN, LEWIS & BOCKIUS LLP
   Kathryn T. McGuigan, Bar No. 232112
2  kathryn.mcguigan@morganlewis.com
   George S. Benjamin, Bar No. 273240
3  george.benjamin@morganlewis.com
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA  90071-3132
5  Tel:    +1.213.612.2500
   Fax:    +1.213.612.2501
6
   Attorneys for Defendants,
7  CHARTER COMMUNICATIONS, INC. and
   BRIGHT HOUSE NETWORKS, LLC
8

9                  UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  JACK HORTON, an individual | Case No. 1:18-at-803 |
| 13             Plaintiff; | [Kings County Superior Court Case No. 18C-0290] |
| 14             v. | **DEFENDANTS, CHARTER COMMUNICATIONS, INC.'S AND BRIGHT HOUSE NETWORKS, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| 15  CHARTER COMMUNICATIONS INC., WHICH WILL BE DOING BUSINESS IN | |
| 16  CALIFORNIA AS CHARTER COMMUNICATIONS (CCI), INC., a | |
| 17  Delaware Corporation; ADVANCE/NEWHOUSE PARTNERSHIP, | [28 U.S.C. §§ 1332, 1441, 1446] |
| 18  an unknown entity; BRIGHT HOUSE NETWORKS, LLC, a Delaware Corporation; | Complaint Filed:  September 28, 2018 (Kings County Superior Court) |
| 19  and DOES 1-50; | |
| 20             Defendants. | |
| 21 | |

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, Charter Communications, Inc. and Bright House Networks, LLC (collectively "Defendants") hereby remove the above-referenced action from the Superior Court in the State of California for the County of Kings to the United States District Court for the Eastern District of California.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. §1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  In support of this removal, Defendants state the following:

## I.    PLEADINGS, PROCESS AND ORDERS

1.    On September 28, 2018, Plaintiff Jack Horton ("Plaintiff" or "Horton") commenced this action in the Superior Court of the State of California, County of Kings, entitled *Jack Horton v. Charter Communications, Inc., et al.*, designated as Case No. 18C-0290 (the "Complaint").  The Complaint alleges seven causes of action: (1) discrimination based on perceived disability – Government Code §12940(a); (2) failure to reasonably accommodate disability – Government Code §12940(m)(1); (3) failure to engage in good faith interactive process – Government Code §12940(n); (4) retaliation for requesting accommodation – Government Code §12940(m)(2); (5) discrimination based on age – Government Code §12940(a); (6) failure to provide wage and personnel records upon request – Labor Code §§226(c) and 1198.5; and (7) declaratory relief.

2.    Defendants were both served with the Complaint on October 2, 2018.  True and correct copies of the Summons, Complaint, and all other documents served with the Complaint are attached as **Exhibit A**.

3.    On October 31, 2018, Defendants filed and served their Answer to Plaintiff's Complaint ("Answer") in the Superior Court of the State of California, in and for the County of Kings.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

4.    **Exhibits A** and **B** constitute all process, pleadings and orders that have been served in this action.

## II.    REMOVAL IS TIMELY

5.    Without conceding that service of the Summons and Complaint on Defendants was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

1

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

1  effective, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it is being filed

2  within thirty (30) days of completion of service on Defendants and within one (1) years of the

3  commencement of this action.  No previous Notice of Removal has been filed or made with this

4  Court for the relief sought herein.

5  **III.**   **THE COURT HAS SUBJECT MATTER JURISDICTION**

6  **A.**   **Removal Pursuant to 28 U.S.C. § 1332(A)(1) Is Proper.**

7  6.   This is a civil action over which this Court has original diversity jurisdiction

8  pursuant to 28 U.S.C. section 1332, and this matter may be removed to this Court under the

9  provisions of 28 U.S.C. sections 1441(a) and (b) in that the amount in controversy exceeds $75,000,

10  exclusive of interest and costs, and the action involves citizens of different states.

11  **B.**   **Diversity of Citizenship Exists.**

12  7.   Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff and Defendants

13  because Plaintiff and Defendants are citizens of different states.  Further, pursuant to 28 U.S.C. §

14  1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the

15  state in which [this] action is brought."

16  **1.**   **Plaintiff Jack Horton Is A Citizen Of California**

17  8.   "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate*

18  *Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) *citing, Kanter v. Warner-Lambert Co.*, 265

19  F.3d 853, 857 (9th Cir. 2001).  For purposes of diversity jurisdiction, citizenship is determined by

20  the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th

21  Cir. 1986).  A person's domicile is the place he or she resides with the intention to remain, or to

22  which he or she intends to return.  *See, Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

23  2001).  Evidence of continuing residence creates a presumption of domicile.  *Washington v.*

24  *Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d

25  514, 519 (10th Cir. 1994).

26  9.   At the time Plaintiff commenced this action and at the time of removal, Plaintiff was

27  a citizen of the State of California.  In fact, Plaintiff alleges in his Complaint that he ". . . is an

28  individual who is and at all times relevant to the events alleged herein, was a resident of Fresno

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

2

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

County, State of California, and worked in Kings County, State of California."  (Ex. A, Compl. ¶1.) *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Thus, Plaintiff is now and was, at the time of the filing of the Complaint, a citizen of California.

### 2.    Defendant Charter Communications, Inc. Is A Citizen Of The States Of Delaware and Connecticut.

10.    For purposes of 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. §1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend,* 559 U.S. 77, 28 (2010), "the phrase 'principal place of business' in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

11.    Defendant Charter Communications, Inc. ("Charter") is, and was at the time that this action commenced, a corporation formed and existing under and by virtue of the laws of the State of Delaware

12.    Charter is not incorporated under the laws of the State of California and its principal place of business is not located in California.  Charter maintains its headquarters and principal place of business in the State of Connecticut.  Charter's corporate headquarters is located in Connecticut, where its high level officers direct, control, and coordinate Charter's activities.  Charter's corporate books and records are located there.  Charter's executive and administrative operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs and general business operations.

13.    Charter is not now, and was not at the time of the filing of the Complaint, a citizen of California within the meaning of the Acts of Congress relating to the removal of causes.  Charter is now and, ever since this action commenced, has been a citizen of Delaware and Connecticut for diversity purposes.  28 U.S.C. § 1332(c)(1).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

3

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

### **3.** **Defendant Bright House Networks, LLC Is A Citizen Of The State Of Delaware, Missouri, and Connecticut.**

14.    Defendant Bright House Networks, LLC ("BHN") is a limited liability company which is treated the same as unincorporated associations for purposes of citizenship.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for purposes of diversity jurisdiction."  *See Id. citing, Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

15.    Therefore, for purposes of diversity jurisdiction, the corporate citizenship rule does not apply to LLCs.  *See* 28 U.S.C. § 1332(c).  Instead, the Ninth Circuit looks to the citizenship of each of the LLC's members.  *See Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990).  Consistent with its sister circuits, the Ninth Circuit has held that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.  *See Johnson*, 437 F.3d at 899.

16.    As public records and filings show, BHN is now and, at the time this action commenced, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and whose members are Charter Communications Operating, LLC ("CCO") and Charter Communications Operating Capital Corporation ("CCOC").  BHN has had its headquarters and principal place of business in the State of Missouri.  The Missouri headquarters is and was at the time this action commenced the place where the majority of BHN's corporate books and records are located, and where the majority of its executive and administrative functions (including but not limited to operations, corporate finance, human resources, marketing, legal and merchandising) are and have been performed.  The majority of BHN's corporate executives (including but not limited to its president, chief operations officer, and corporate secretary) are and were at the time this action commenced, based in Missouri.  In addition, BHN's corporate activities

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

4

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

are and were at the time this action commenced directed, controlled and coordinated from there. *See generally, Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010).

17.    CCO is, and was at the time that this action commenced, a limited liability company formed and existing under and by virtue of the laws of the State of Delaware whose two members are CCO Holdings, LLC ("CCO Holdings") and CCO Holdings Capital Corporation ("CCO Capital").

18.    CCO maintains its headquarters and principal place of business in the State of Missouri. CCO's corporate headquarters is located in Missouri, where its high level officers direct, control and coordinate CCO's activities. CCO's corporate books and records are located there. CCO's executive and administrative operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.

19.    CCOC is, and was at the time that this action commenced, a corporation formed and existing under and by virtue of the laws of the State of Delaware.

20.    CCOC maintains its headquarters and principal place of business in the State of Missouri. CCOC's corporate headquarters is located in Missouri, where its high level officers direct, control and coordinate CCOC's activities. CCOC's corporate books and records are located there. CCOC's executive and administrative operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs and general business operations.

21.    CCO Holdings is, and was at the time that this action commenced, a limited liability company formed and existing under and by virtue of the laws of the State of Delaware whose single member is Charter Communications Holdings, LLC ("Charter Holdings").

22.    CCO Holdings maintains its headquarters and principal place of business in the State of Connecticut. CCO Holdings's corporate headquarters is located in Connecticut, where its high level officers direct, control, and coordinate CCO Holdings's activities. CCO Holdings's corporate books and records are located there. CCO Holdings's executive and administrative operations are managed from this location, including, but not limited to, those operations relating to administering

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

5

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

company-wide policies and procedures, legal affairs and general business operations.

23.    CCO Capital is, and was at the time that this action commenced, a corporation formed and existing under and by virtue the laws of the State of Delaware.

24.    CCO Capital maintains its headquarters and principal place of business in the State of Connecticut.  CCO Capital's corporate headquarters is located in Connecticut, where its high level officers direct, control, and coordinate CCO Capital's activities.  CCO Capital's corporate books and records are located there. CCO Capital's executive and administrative operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.

25.    Charter Holdings is, and was at the time that this action commenced, a limited liability company formed and existing under and by virtue the laws of the State of Delaware whose single member is Charter.

26.    Charter Holdings maintains its headquarters and principal place of business in the State of Connecticut.  Charter Holdings's corporate headquarters is located in Connecticut, where its high level officers direct, control, and coordinate Charter Holdings's activities.  Charter Holdings's corporate books and records are located there.  Charter Holdings's executive and administrative operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs and general business operations.

27.    Based on the aforementioned facts, BHN is, and at all times relevant times was, a citizen of the States of Delaware, Missouri and Connecticut for purposes of determining diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

28.    Accordingly, BHN is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident of the State of California for purposes of determining diversity jurisdiction.

## 4.    Defendant Advance/Newhouse Partnership Is A Citizen Of New York.

29.    Defendants are informed and believe that Defendant Advance/Newhouse Partnership ("ANP") has not been served with the Complaint in this action.  ANP is incorporated under the laws of the State of New York.  Defendants are informed and believe and on that basis

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

6

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

1    allege that ANP has its headquarters and principal place of business in the State of New York, and

2    is not a citizen of California.

3    ## 5.    The Citizenship Of "Doe" Defendants Are Disregarded.

4        30.    Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious names

5    shall be disregarded.  The inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on

6    removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. §

7    1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious

8    names shall be disregarded).  In determining whether diversity of citizenship exists, only the named

9    defendants are considered.  *Id.*

10       31.    Based on the foregoing, the requirements for diversity jurisdiction as set forth in 28

11   U.S.C. § 1441(b) are met because Plaintiff and Defendants are citizens of different states.

12   ## C.    The Amount In Controversy Requirement Is Satisfied.

13       32.    Diversity jurisdiction exists "where the amount in controversy exceeds the sum or

14   value of $75,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332.  The amount in

15   controversy is determined from the allegations of the Complaint.  *Campbell v. Vitran Express, Inc.*,

16   471 Fed. Appx. 646, 648 (9th Cir. 2012).  "In assessing the amount in controversy, a court must

17   'assume that the allegations of the complaint are true and assume that a jury will return a verdict

18   for the plaintiff on all claims made in the complaint.'"  *Id.*, *citing Kenneth Rothschild Trust v.*

19   *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

20       33.    In determining whether the jurisdictional minimum is met, courts consider all

21   recoverable damages, including emotional distress damages, punitive damages, statutory penalties,

22   and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48

23   (1977); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*,

24   142 F. 3d 1150, 1155-56 (9th Cir. 1998).

25       34.    Although the Complaint does not allege a specific amount in controversy, it can be

26   ascertained that the amount in controversy in this action does, in fact, exceed $75,000, exclusive of

27   interest and costs.  Where a complaint is silent as to the amount in controversy, a defendant can

28   establish the amount in controversy by the allegations in a complaint, or by setting forth facts in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

7

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

35.    The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also, Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

36.    In a decision by United States District Court, for the Central District of California, the court affirmed that the removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. WL 898468 (C.D. Cal. March 3, 2015) *citing, Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Moreover, Defendants need not submit evidence to support their notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. Defendants need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

37.    Defendants deny the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming, *arguendo*, the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332, as set

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

8

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

forth below.

### 1.     <u>General Damages</u>

38.     Here, Plaintiff seeks to recover damages as a result of allegedly suffering ". . . compensatory damages, including back pay, front pay . . ."  (Ex. A, Compl., Prayer for Relief.)  Furthermore, Plaintiff's seeks compensatory damages for his first five causes of action alleged in his Complaint.  (Ex. A, Compl., ¶¶ 31, 42, 54, 64, and 73.)

39.     As of Plaintiff's last day of work, Plaintiff's hourly wage was $23.34950 an hour.  Plaintiff earned approximately $3,735.92 monthly.  Since the last day of Plaintiff's employment with Defendant, February 16, 2018, approximately eight and a half months have passed.  During this time, assuming *arguendo*, that Plaintiff not working at all constitutes recoverable economic damages, the amount of back pay in controversy would total at least $31,755.32 ($3,735.92 x 8.5 months).

40.     Furthermore, estimating that a trial in this matter would not be scheduled for another year, that would add an additional twelve (12) months of recoverable back pay.  At Plaintiff's monthly pay of $3,735.92, the amount of back pay in controversy in this case between November 1, 2018 and trial one year out would total at least $44,831.04 ($3,735. x 12 months).

41.     Therefore, the total amount of back pay in controversy in this case is approximately $76,586.36 ($31,755.32 + $44,831.04).

42.     In addition, to the extent Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendant, such awards in California often span several years.  *See*, *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages that are equivalent to his back pay, the amount of future wages in controversy in this case would total an additional $76,586.36.

43.     Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages that alone total **$153,172.72**.  Hence Plaintiff's general damages alone could surpass the requisite amount in controversy threshold.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

9

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

## 2. **Emotional Distress Damages**

44.    Plaintiff also seeks "damages for emotional distress" (Ex. A, Compl., Prayer for Relief, ¶¶ 31, 42, 54, 64 and 73) which further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met.  In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages.  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).  Courts have even held that such allegations alone are sufficient to satisfy the amount in controversy requirement.  *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d. 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

45.    Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages.  *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (jury award in excess of $450,000 in emotional distress damages upheld in a discrimination lawsuit); *Kroske v. U.S. Bank Corp.,* 432 F. 3d. 976, 908 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006) (plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages).

46.    Like the plaintiffs in these lawsuits, Plaintiff in this case is an employee similarly alleging that he was discriminated against based on his protected status and has suffered emotional distress as a result.  Accordingly, it is not unreasonable to assume, solely for the purposes of establishing the amount in controversy, that Plaintiff seeks and would recover in excess of $75,000 for alleged emotional damages, alone, for the conduct alleged against Defendants.  Based on *Kroske*, a conservative emotional distress component of Plaintiff's claims could add at least

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

10

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

1    **$25,000.00** to the amount in controversy.

2                    **3.    <u>Punitive Damages</u>**

3          47.    Plaintiff also seeks an award of punitive damages.  (Ex A, Prayer for Relief, ¶¶ 33,

4    44, 56, 66 and 75).  Under California law, punitive damages may be recovered by a plaintiff "[i]n

5    an action for the breach of an obligation not arising from contract where it is proven by clear and

6    convincing evidence that the defendant has been guilty of oppression, fraud, or malice.  Cal. Civ.

7    Code § 3294(a).  Punitive damages are included in calculating the amount in controversy.  *See*

8    *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also, Aucina*

9    *v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).  A single-digit ratio (i.e., no more than nine-

10   to-one) is typically appropriate when issuing an award of punitive damages.  *State Farm vs.*

11   *Campbell*, 538 U.S. 408, 425 (2003).

12         48.    California verdicts often include substantial punitive damage awards in employment

13   discrimination actions.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002),

14   ("verdicts in these cases amply demonstrate the potential for large punitive damage awards in

15   employment discrimination cases"); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D.

16   Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and

17   deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone

18   might exceed [the jurisdictional amount]").

19         49.    To establish probable punitive damages, a defendant may introduce evidence of

20   verdicts in cases involving analogous facts.  *Simmons,* 209 F. Supp. 2d at 1033-1034 ("the fact that

21   the cited cases involve distinguishable facts is not dispositive").  Statistics from *Jury Verdict*

22   *Research's* "Employment Practices Liability: Jury Award Trends and Statistics" (2016) also

23   confirm that the amount in controversy exceeds the jurisdictional minimum.  In 2015, the average

24   damages award in discrimination cases was $463,905, in 2014 it was $366,444, and in 2013 it was

25   $311,749.  *Id.*  In addition, high punitive damages have been awarded in single-plaintiff

26   employment cases in California, including awards of $500,000, $3,577,803, $420,000, $1,231,848,

27   $825,000, $1,237,086, and $16,729,880 (ultimately reduced by the court to $1,200,000).  *Id.*

28         50.    As discussed above, this is a case where Plaintiff alleges he was discriminated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

11

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

1  against based on his disability. California juries have returned verdicts with substantial punitive

2  damage awards in employment discrimination actions such as the one alleged here. Indeed, in

3  recent California disability discrimination cases, jury verdicts have regularly exceeded the

4  $75,000.00 amount-in-controversy threshold and have awarded extremely large punitive damages

5  awards. *See, e.g.*, *Tapia v. San Gabriel Transit, Inc.* (November 16, 2015) (awarding the plaintiff

6  $1,289,849.00 in a disability discrimination case, with $400,000.00 in punitive damages alone);

7  *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007) (affirming a jury

8  award of $1,284,000.00 in a disability discrimination case, with $1,000,000.00 in punitive damages

9  alone); *Salinda v. DIRECTV INC, et al.* (October 1, 2013) (awarding the plaintiff $1,178,341 in a

10  disability discrimination case); *Tabaie v. Stockton Unified School Dist.* (December 27, 2011)

11  (awarding plaintiff $300,000 in a disability discrimination case); *Daniel v. Tesoro Corp.* (June 21,

12  2012) (awarding the plaintiff $8,500,000 in a disability discrimination case).

13      51.    Thus, a punitive damages award against Defendants alone could potentially exceed

14  the amount placed in controversy by Plaintiff's allegations.

### 4.    Statutory Damages

16      52.    Plaintiff's Complaint seeks "civil penalties pursuant to Labor Code §§ 226(f),

17  1198.5(k)" for Defendants' alleged failure to provide Plaintiff with his wage and personnel records

18  upon request. (Ex. A, Compl., ¶¶76 through 82, Prayer for Relief). *Galt G/S v. JSS Scandinavia*,

19  142 F. 3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of

20  attorneys' fees, . . . such fees may be included in the amount in controversy.")

21      53.    Specifically, "Pursuant to Labor Code § 226(f), Plaintiff seeks a penalty of $750.00

22  for Defendants' failure to produce wage records"; and "[p]ursuant to Labor Code § 1198.5(k),

23  Plaintiff seeks an additional penalty of $750.00 for Defendants' failure to produce Plaintiff's

24  personnel records, and attorneys' fees and costs in accordance with Labor Code § 1198.5 (l)." (Ex.

25  A, Compl., ¶¶ 80 and 81.)

26      54.    By way of Plaintiff's sixth cause of action, he has placed at least an additional

27  **$1,500** in controversy.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

12

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.**    **Attorney's Fees**

55.    Plaintiff's Complaint also seeks attorneys' fees.  (Ex. A**,** Compl., Prayer for Relief.)  Cases involving the types of claims Plaintiff has alleged in his Complaint require at least $75,000 in attorneys' fees to proceed through discovery and to trial during an approximate one-year period.  The attorneys' fee claim is included in determining the amount in controversy when, as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).   While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis).

56.    To date, Plaintiff has certainly incurred fees and costs in connection with preparing and filing his Complaint.  In fact, at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (250 hours x $300 = $75,000).

57.    Plaintiff does not limit the amount of damages he is seeking.  Considering the aggregate value of Plaintiff's claims (i.e., alleged back pay, front pay, emotional distress, punitive damages, statutory damages and attorneys' fees), the alleged amount in controversy well exceeds $75,000.

58.    Removal is therefore proper because based on the allegations of the Complaint and the Notice of Removal, it is more likely than not that Plaintiff's claims exceed $75,000.  *Sanchez,* 102 F.3d at 403-04; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).   Accordingly, the amount in controversy requirement of 28 U.S.C. §1332 has been met, and this action is removable to this Court pursuant to 28 U.S.C. §1441.

**IV.**    **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

59.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

13

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

embraces the county in which the removed action has been pending.

60.     Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

61.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is properly removed.

62.     WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of the State of California in and for the County of Kings to the United States District Court for the Eastern District of California, and that all future proceedings in this matter take place in the United States District Court for the Eastern District of California.

Dated:  November 1, 2018                    MORGAN, LEWIS & BOCKIUS LLP


                                            By   _/s/ Kathryn T. McGuigan_
                                               Kathryn T. McGuigan
                                               George S. Benjamin
                                               Attorneys for Defendants,
                                               CHARTER COMMUNICATIONS, INC.
                                               and BRIGHT HOUSE NETWORKS, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 35262729.4

14

CHARTER COMMUNICATIONS, INC.'S
AND BRIGHT HOUSE NETWORKS, LLC'S
NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attachment 1.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACK HORTON, an individual.



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**FILED**
**9/28/2018 10:04 AM**
**Michelle S. Martinez, Clerk of Court**
**Superior Court of the State of California**
**County of Kings**

_____ Deputy
Karin Noble

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kings County Superior Court<br>1640 Kings County Drive<br>Hanford, California 93230 | **CASE NUMBER:**<br>*(Número del Caso):*<br>18C-0290 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. F. Smith, 1391 West Shaw Avenue, Suite D, Fresno, California 93711, (559) 229-3900

DATE: 9/28/2018
*(Fecha)*    Clerk Of Court, Michelle S. Martinez    Clerk, by _____ Deputy
*(Secretario)*    Karin Noble

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   CHARTER COMMUNICATIONS, INC ; WHICH WILL BE DOING BUSINESS IN CALIFORNIA AS CHARTER COMMUNICATIONS, INC., A DELAWARE CORPORATION
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jack Horton v. Charter Communications et al. | |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

CHARTER COMMUNICATIONS INC., WHICH WILL BE DOING BUSINESS IN CALIFORNIA AS
CHARTER COMMUNICATIONS (CCI), INC., a Delaware Corporation; ADVANCE/NEWHOUSE
PARTNERSHIP, an unknown entity; BRIGHT HOUSE NETWORKS, LLC, a Delaware Corporation; and
DOES 1-50;

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
9/28/2018 10:04 AM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings

_____ Deputy
Karin Noble

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attachment 1.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACK HORTON, an individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kings County Superior Court

**CASE NUMBER:**
*(Número del Caso):*
18C-0290

1640 Kings County Drive
Hanford, California 93230

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. F. Smith, 1391 West Shaw Avenue, Suite D, Fresno, California 93711, (559) 229-3900

DATE: 9/28/2018
*(Fecha)*      Clerk Of Court, Michelle S. Martinez      Clerk, by _____ Deputy
                                        *(Secretario)*                      Karin Noble

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BRIGHT HOUSE NETWORKS, INC., A DELAWARE CORPORATION

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
**Page 18**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jack Horton v. Charter Communications et al. | |

**ATTACHMENT** *(Number):* 1 _____

*(This Attachment may be used with any Judicial Council form.)*

CHARTER COMMUNICATIONS INC., WHICH WILL BE DOING BUSINESS IN CALIFORNIA AS
CHARTER COMMUNICATIONS (CCI), INC., a Delaware Corporation; ADVANCE/NEWHOUSE
PARTNERSHIP, an unknown entity; BRIGHT HOUSE NETWORKS, LLC, a Delaware Corporation; and
DOES 1-50;

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT A
Page 19

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael J. F. Smith, #109426, John L. Migliazzo #272066<br>Michael J. F. Smith, A Professional Corporation<br>1391 West Shaw Avenue, Suite D<br>Fresno, California 93711<br>TELEPHONE NO.: 559-229-3900   FAX NO.: 559-229-3903<br>ATTORNEY FOR *(Name):* Plaintiff Jack Horton | FOR COURT USE ONLY<br>**FILED**<br>9/28/2018 10:04 AM<br>Michelle S. Martinez, Clerk of Court<br>Superior Court of the State of California<br>County of Kings<br><br>_____ Deputy<br>Karin Noble |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kings
STREET ADDRESS: 1640 Kings County Drive
MAILING ADDRESS: 1640 Kings County Drive
CITY AND ZIP CODE: Hanford 93230
BRANCH NAME: Civil-Unlimited

CASE NAME:
Jack Horton v. Charter Communications et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>18C-0290 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 28 2018

Michael J. F. Smith
_____   ►_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your *initial* paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>1640 Kings County Drive  Hanford California  93230 | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED ON<br><br>SEP 28 2018<br><br>MICHELLE S. MARTINEZ, CLERK OF COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>_____ DEPUTY |
|---|---|
| PLAINTIFF:  JACK HORTON | |
| DEFENDANT:  CHARTER COMMUNICATIONS INC. | |
| **NOTICE OF JUDICIAL ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**18C-0290** |

**TO ALL INTERESTED PARTIES**: Pursuant to the Standing Order Regarding Judicial Assignments, you are hereby notified that this case is assigned to **Valerie R. Chrissakis** for all purposes (i.e., motions, pre-trials, settlement conferences, trials, post review hearings).

You are further notified that a ***Mandatory Case Management Conference*** has been scheduled in this matter as set forth below.  All parties must be ready to discuss all issues described in California Rule of Court, Rule 3.728.

| Date: **January 15, 2019** | Time:  **8:15 AM** | Department:  **8** |
|---|---|---|
| Address of the Court:  **1640 Kings County Drive  Hanford California  93230** | | |

**Notice to Defendant[s]:** The Case Management Conference is not a trial.  You will need to preserve your rights by filing a written response within thirty [30] days of the date you were served with the Summons and Complaint.  You must also have the Plaintiff served with a copy of the response you file with the court.  A letter or phone call will not protect you.  Your written response must be in proper legal format if you want the court to hear your case.  There may be a court form that you can use for your response. If you do not do so, a judgment may be obtained against you.  If a judgment is obtained prior to the Case Management Conference date, the Case Management Conference will be cancelled.

Parties are also required to meet and confer no later than thirty [30] calendar days before the above-referenced case management conference date as required in California Rule of Court 3.728

It is the plaintiff's responsibility to notify all parties of the case management conference who are not otherwise listed on the attached proof of service by mail.

All requests for telephonic appearances must be requested in writing at least 10 court days prior to the scheduled hearing.

**No later than fifteen [15] days** prior to the date set above, each party must file a Case Management Statement (Judicial Council form CM-110). If two or more parties so desire, they may file a joint case management statement.

Dated: 9/28/2018                                    **Michelle S. Martinez**, Clerk of Court

_____

By: Karin Noble, Deputy Clerk

---

NOTICE OF JUDICIAL ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Revised 04/08/16)

**PROOF OF SERVICE BY MAIL**
-oOo-

Superior Court of the State of California        Case Number: 18C-0290
County of Kings                        ss.

     I hereby declare under penalty of perjury that I am employed by the Kings County Superior Court, over the age of eighteen (18) years, and not a party to the within action.

     That on **September 28, 2018** I served the attached by placing a true copy thereof, enclosed in a sealed envelope and deposited at my place of business for collection and mailing with the United States mail at Hanford, California, following our ordinary business practices with which I am readily familiar, addressed as follows:

> **Michael J.F. Smith, Esq.**
> **Michael J.F. Smith, A Professional**
> **Corporation**
> **1391 West Shaw Ave., Ste. D**
> **Fresno, CA 93711**
>
> **(Attorney for Plaintiff)**

Executed on **September 28, 2018,** at Hanford, California.

                      Michelle S. Martinez, Clerk of the Court

                By: _____ KARIN NOBLE _____

                       Karin Noble, Deputy Clerk

ATTACHED PROOF OF SERVICE

FILED
9/28/2018 10:04 AM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings

_____Deputy
Karin Noble

Michael J.F. Smith, #109426
John L. Migliazzo, #272066
**Michael J.F. Smith, A Professional Corporation**
1391 West Shaw Avenue, Suite D
Fresno, California 93711
(559) 229-3900
Fax (559) 229-3903

Attorneys for Plaintiff,
    Jack Horton

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KINGS

| | |
|---|---|
| JACK HORTON, an individual; | Case No.: 18C-0290 |
|     Plaintiff; | |
|     v. | **COMPLAINT** |
| CHARTER COMMUNICATIONS INC., WHICH WILL BE DOING BUSINESS IN CALIFORNIA AS CHARTER COMMUNICATIONS (CCI), INC., a Delaware Corporation; ADVANCE/NEWHOUSE PARTNERSHIP, an unknown entity; BRIGHT HOUSE NETWORKS, LLC, a Delaware Corporation; and DOES 1-50; | Jury Trial Demanded |
|     Defendants. | |

Plaintiff, JACK HORTON, complains of and alleges, as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff, Jack Horton ("Plaintiff"), is an individual who is and at all times relevant to the events alleged herein was, a resident of Fresno County, State of California, and worked in Kings County, State of California.

2.    Defendant, Charter Communications, Inc. which will be doing business in California as Charter Communications (CCI), Inc. (hereinafter referred to as "Charter

Communications"), is a Delaware Corporation, doing business in Kings County, State of California.

3. Defendant, Advance/Newhouse Partnership ("Newhouse"), is an unknown entity, doing business in Kings County, State of California.

4. Defendant, Brought House Networks, LLC ("Bright House Networks"), is a Delaware Corporation, doing business in Kings County, State of California.

5. Defendants will be collectively referred to as "Defendants."

6. "Doe" Defendants 1 through 50 are sued herein under fictitious names. Their true names and capacities of the Defendants named herein as Does 1-50, whether individual, corporate, associate or otherwise, are unknown to the Plaintiff who, therefore, sues such defendants by fictitious names pursuant to California Code of Civil Procedure 474. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and in so acting was functioning as the owner, shareholder, principal, agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent of the co-defendants, and in performing the acts mentioned below, was acting, at least in part, within the course and scope of such authority as such agent proxy, servant, partner, joint venture, employee, alter-ego, managing agent and principal with the permission and consent of the co-defendants.

7. During relevant times alleged herein, relevant events took place in Kings County, California.

8. This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10.

## FACTUAL ALLEGATIONS

9. On or about September 1995, Plaintiff was hired by Bright House Networks and Newhouse as a cable television technician.

10. On June 26, 2012, Plaintiff was injured in a car accident and suffered a rotator cuff injury.

COMPLAINT
2

11.    In June 2013, Plaintiff underwent a rotator cuff repair surgery and went on disability for about six to seven months following his surgery.

12.    In or around early 2014, Plaintiff went back to work and resumed his usual and customary duties.

13.    After returning to work in 2014, Bright House and Newhouse no longer used boom trucks with a permanently installed ladder. Instead, it required its employees to carry and lift heavy ladders as part of their normal work duties.

14.    Throughout 2014 and into 2015, Plaintiff experienced increasing pain in his right shoulder, mostly due to the lifting and carrying of heavy ladders as part of his job duties.

15.    On July 6, 2015, Plaintiff suffered a work-related injury to his left shoulder that required therapy and injections.

16.    Plaintiff stopped working and took medical leave on October 9, 2015 when he had another surgery on his right shoulder.

17.    On March 23, 2016, due to the injury on the job, Plaintiff had to have an additional surgery on his left shoulder to repair a torn rotator cuff.

18.    In May 2016, Bright House Networks was acquired by Charter Communications, and also doing business as Charter Spectrum.

19.    On December 29, 2017, Plaintiff's doctor declared Plaintiff had reached maximal medical improvement and assigned permanent impairment values to the Plaintiff. Plaintiff's doctor released Plaintiff to return to work with minor work restrictions.

20.    After Plaintiff received his release to return to work, Plaintiff repeatedly contacted Charter Communications to resume work activities but his requests to return to work were ignored by the human resources department.

21.    Defendants have refused to accommodate Plaintiff's restrictions and refused to even discuss reasonable accommodations.

22.    On July 11, 2018, Plaintiff exhausted her administrative remedies and filed a complaint with the California Department of Fair Employment Housing (DFEH) and received a Notice of Case Closure and Right to Sue. On September 21, 2018, Plaintiff filed an amended

1    complaint with the DFEH, and received an immediate Right-to-Sue letter date. A true and

2    correct copy of the Right to Sue notices and the corresponding DFEH Complaint and Amended

3    DFEH Complaint were served as required by law on Defendant. Plaintiff incorporates by

4    reference the facts alleged in the complaint.

**FIRST CAUSE OF ACTION**
*Discrimination Based on Perceived Disability*
(v. All Defendants; and DOES 1 through 50,)
[Government Code § 12940(a)]

9    23.    The allegations of paragraphs 1 through 22 are incorporated and re-alleged by

10   reference as if fully stated herein.

11   24.    Government Code § 12940(a) provides that "It is an unlawful employment

12   practice... For an employer, because of the... physical disability... of any person, to refuse to

13   hire or employ the person... or to bar or to discharge the person from employment... or to

14   discriminate against the person in compensation or in terms, conditions, or privileges of

15   employment."

16   25.    Each Defendant was an "employer" under Government Code section 12926,

17   subdivision (d) and a covered entity subject to Government Code section 12940.

18   26.    Plaintiff was an employee of Defendants.

19   27.    Defendants knew that Plaintiff had an injury that has affected his shoulder and

20   his ability to lift heavy object such as ladders.

21   28.    Plaintiff was able to perform the essential job duties with minor work

22   restrictions, including but not limited to, being able to use a boom truck instead of manually

23   carrying ladders, or could have been transferred to another position.

24   29.    Defendants ignored Plaintiff and refused to respond to Plaintiff's request to go

25   back to work with minor work restrictions. Defendants have, in essence, separated Plaintiff's

26   employment with Defendants by ignoring Plaintiff's requests to return to work.

27

28

1       30.      Plaintiff is informed and believes and thereon alleges that Plaintiff's history of

2   physical conditions was a substantial motivating reason for Defendant's decision to ignore,

3   refuse to accommodate, and effectively separate Plaintiff's employment with Defendants.

4       31.      As a result of Defendants' above-described conduct, Plaintiff has suffered, and

5   continues to suffer, damages, in the form of lost wages and other employment benefits,

6   pecuniary benefits, and emotional distress. Plaintiff has been damaged by the foregoing conduct

7   in an amount subject to proof, within the jurisdictional limits of this Court.

8       32.      Defendants' conduct was a substantial factor in causing Plaintiff's harm.

9       33.      Defendants' reckless disregard of California employment law warrants punitive

10   damages. Defendants knew that: 1) Plaintiff has a right to be free from discrimination and

11   retaliation; 2) Defendants recklessly failed to anticipate that the foregoing conduct would cause

12   emotional distress to Plaintiff; 3) Defendants' failure to protect such right resulted in emotional

13   distress to Plaintiff, thereby intentionally or recklessly subjecting Plaintiff to said emotional

14   distress; 4) by intentionally or recklessly subjecting Plaintiff to said emotional distress,

15   Defendants engaged in conduct that was oppressive, malicious, cruel and unjust. Plaintiff is

16   entitled to recover exemplary and punitive damages from Defendants in an amount according to

17   proof.

### SECOND CAUSE OF ACTION
*Failure to Reasonably Accommodate Disability*
(v. All Defendants and DOES 1 through 50,)
[Government Code § 12940(m)(1)]

21       34.      Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1

22   through 33 as if fully stated herein.

23       35.      Government Code § 12940(m)(1) provides that "It is an unlawful employment

24   practice... For an employer or other entity covered by this part to fail to make reasonable

25   accommodation for the known physical or mental disability of an applicant or employee."

26       36.      Each Defendant was an "employer" under Government Code section 12926,

27   subdivision (d) and a covered entity subject to Government Code section 12940.

28       37.      Plaintiff was an employee of Defendants.

COMPLAINT
5

38.     Defendants knew that Plaintiff had an injury that has affected his shoulder and his ability to lift heavy object such as ladders.

39.     Plaintiff was able to perform the essential job duties with minor work restrictions, including but not limited to being able to use a boom truck instead of manually carrying ladders, or transfer Plaintiff to another position.

40.     Defendants ignored Plaintiff and refused to respond to Plaintiffs request to go back to work with minor work restrictions. Defendants have, in essence, separated Plaintiff's employment with Defendants by ignoring Plaintiff's requests to return to work.

41.     Plaintiff is informed and believes and thereon alleges that Plaintiff's history of physical conditions was a substantial motivating reason for Defendant's decision to ignore, refuse to accommodate, and effectively separate Plaintiff's employment with Defendants.

42.     As a result of Defendant's above-described conduct, Plaintiff has suffered, and continues to suffer, damages, in the form of lost wages and other employment benefits, pecuniary benefits, and emotional distress. Plaintiff has been damaged by the foregoing conduct in an amount subject to proof, within the jurisdictional limits of this Court.

43.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

44.     Defendants' reckless disregard of California employment law warrants punitive damages. Defendants knew that: 1) Plaintiff has a right to be free from discrimination and retaliation; 2) Defendants recklessly failed to anticipate that the foregoing conduct would cause emotional distress to Plaintiff; 3) Defendants' failure to protect such right resulted in emotional distress to Plaintiff, thereby intentionally or recklessly subjecting Plaintiff to said emotional distress; 4) by intentionally or recklessly subjecting Plaintiff to said emotional distress, Defendants engaged in conduct that was oppressive, malicious, cruel and unjust. Plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION
*Failure to Engage in Good Faith Interactive Process*
(v. All Defendants and DOES 1 through 50)
[Government Code § 12940(n)]

45.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 44 as if fully stated herein.

46.    Government Code § 12940(n) provides that "It is an unlawful employment practice... For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

47.    Each Defendant was an "employer" under Government Code section 12926, subdivision (d) and a covered entity subject to Government Code section 12940.

48.    Plaintiff was an employee of Defendants and made a request to return to work with work-related restrictions.

49.    Defendants knew that Plaintiff had past injuries that limited his ability to lift/carry ladders.

50.    After Plaintiff's medical leave, he requested to come back to work with reasonable accommodation in connection with work-related injury and associated physical complications that limited his ability to lift/carry ladders. Plaintiff was capable of performing the essential job duties with or without an accommodation.

51.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job duties.

52.    Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made. Defendants ignored Plaintiff and refused to respond to Plaintiff's request to go back to work with minor work restrictions. Defendants have, in essence, separated Plaintiff's employment with Defendants by ignoring Plaintiff's requests to return to work.

53.   Plaintiff is informed and believes and thereon alleges that Plaintiff's history of physical conditions was a substantial motivating reason for Defendant's decision to ignore, refuse to accommodate, fail to engage in the good-faith interactive process, and effectively separate Plaintiff's employment with Defendants.

54.   As a result of Defendants' above-described conduct, Plaintiff has suffered, and continues to suffer, damages, in the form of lost wages and other employment benefits, pecuniary benefits, and emotional distress. Plaintiff has been damaged by the foregoing conduct in an amount subject to proof, within the jurisdictional limits of this Court.

55.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

56.   Defendants' reckless disregard of California employment law warrants punitive damages. Defendants knew that: 1) Plaintiff has a right to be free from discrimination; 2) Defendants recklessly failed to anticipate that the foregoing conduct would cause emotional distress to Plaintiff; 3) Defendants' failure to protect such right resulted in emotional distress to Plaintiff, thereby intentionally or recklessly subjecting Plaintiff to said emotional distress; 4) by intentionally or recklessly subjecting Plaintiff to said emotional distress, Defendants engaged in conduct that was oppressive, malicious, cruel and unjust. Plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION
*Retaliation for Requesting Accommodation*
(v. All Defendants and DOES 1 through 50)
[Government Code § 12940(m)(2)]

57.   Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 56 as if fully stated herein.

58.   Government Code § 12940(m)(2) provides that that "It is an unlawful employment practice... For an employer... to... retaliate or otherwise discriminate against a person for requesting accommodation... regardless of whether the request was granted."

59.   Defendants each were an "employer" under Government Code section 12926, subdivision (d) and a covered entity subject to Government Code section 12940.

60.   Plaintiff was an employee of Defendants.

COMPLAINT
8

61.    Plaintiff engaged in protected activity when he requested temporary medical leave in connection with work-related injury and associated physical complications that limited his ability to attend his job.

62.    Defendants ignored Plaintiff and refused respond to Plaintiff's request to go back to work with minor work restrictions, and Defendants have, in essence, separated Plaintiff's employment with Defendants by ignoring Plaintiff's requests to return to work.

63.    Plaintiff is informed and believes and thereon alleges that Plaintiff's request for an accommodation was a substantial motivating reason for Defendant's decision to ignore, refuse to accommodate, and effectively separate Plaintiff's employment with Defendants.

64.    As a result of Defendants' above-described conduct, Plaintiff has suffered, and continues to suffer, damages, in the form of lost wages and other employment benefits, pecuniary benefits, and emotional distress. Plaintiff has been damaged by the foregoing conduct in an amount subject to proof, within the jurisdictional limits of this Court.

65.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

66.    Defendants' reckless disregard of California employment law warrants punitive damages. Defendants knew that: 1) Plaintiff has a right to be free from discrimination and retaliation; 2) Defendants recklessly failed to anticipate that the foregoing conduct would cause emotional distress to Plaintiff; 3) Defendants' failure to protect such right resulted in emotional distress to Plaintiff, thereby intentionally or recklessly subjecting Plaintiff to said emotional distress; 4) by intentionally or recklessly subjecting Plaintiff to said emotional distress, Defendants engaged in conduct that was oppressive, malicious, cruel and unjust. Plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

///

///

## FIFTH CAUSE OF ACTION
*Discrimination Based on Age*
(v. All Defendants; and DOES 1 through 50)
[Government Code section 12940(a)]

67.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 66 as though fully set forth herein.

68.    Government Code § 12940(a) provides that it is unlawful, "[f]or an employer, because of the... age... of any person... to discharge the person from employment."

69.    Defendants are employers under FEHA. Plaintiff was an employee of Defendants.

70.    Plaintiff was 48 years old when Defendant, in essence, separated his employment and refused to engage in the good faith interactive process. Plaintiff was ignored when he requested to come back to work after his leave.

71.    Plaintiff is informed and believes he was replaced by an employee or employees substantially younger than Plaintiff.

72.    Plaintiff's age was a substantial motivating reason for the adverse treatment, including Plaintiff's *de facto* separation.

73.    As a result of the adverse employment actions and adverse treatment, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits and emotional distress.  Plaintiff has been damaged by the foregoing conduct in an amount subject to proof and within the jurisdictional limits of this Court.

74.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

75.    Defendants' reckless disregard of California employment law warrants punitive damages. Defendants knew that: 1) Plaintiff has a right to be free from discrimination; 2) Defendants recklessly failed to anticipate that the foregoing conduct would cause emotional distress to Plaintiff; 3) Defendants' failure to protect such right resulted in emotional distress to Plaintiff, thereby intentionally or recklessly subjecting Plaintiff to said emotional distress; 4) by intentionally or recklessly subjecting Plaintiff to said emotional distress, Defendants engaged in

1   conduct that was oppressive, malicious, cruel and unjust. Plaintiff is entitled to recover

2   exemplary and punitive damages from Defendants in an amount according to proof.

### SIXTH CAUSE OF ACTION
*Failure To Provide Wage and Personnel Records Upon Request*
(v. All Defendants; and DOES 1-50)
[Labor Code §§ 226(c), (f); Labor Code § 1198.5]

76.   Plaintiff re-alleges and incorporates preceding paragraphs 1 through 75 as though fully set forth herein.

77.   Labor Code § 226(c) states the following: "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request..." Similarly, Labor Code § 1198.5 requires production of employment records within 30 calendar days of a request.

78.   On May 4, 2018, Plaintiff served a written request, via certified mail (return receipt requested), to Defendants, requesting records in accordance with Labor Code § 226.

79.   On July 11, 2018, Plaintiff served a **follow up** written request, via certified mail (return receipt requested), to Defendants, requesting records in accordance with Labor Code § 226. As of the date of this complaint, Defendants have failed to produce records responsive to Plaintiff's records requests.

80.   Pursuant to Labor Code § 226(f), Plaintiff seeks a penalty of $750.00 for Defendants' failure to produce the wage records.

81.   Pursuant to Labor Code § 1198.5(k), Plaintiff seeks an additional penalty of $750.00 for Defendants' failure to produce Plaintiff's personnel records, and attorneys' fees and costs in accordance with Labor Code § 1198.5(l).

82.   WHEREFORE, Plaintiff requests payment of penalties, attorneys' fees and costs for failure to keep accurate wage statements or provide them for inspection in accordance with Labor Code §§ 226(h), (f).

### SEVENTH CAUSE OF ACTION
*Declaratory Relief*
(v. All Defendants; and DOES 1 through 50)

83.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 82 as if fully stated herein.

84.    An actual controversy has arisen between Plaintiff and Defendants on whether Defendants' actions, as described above, are unlawful and violate the FEHA.

85.    Plaintiff desires a declaration of rights with respect to Plaintiff's legal rights and Defendant's legal duties in the above-described controversy, pursuant to California Code of Civil Procedure § 1060.

86.    Plaintiff seeks entry of a declaratory judgment against Defendants and in Plaintiff's favor, seeking to reaffirm Plaintiff's equal standing among his coworkers and the community, and to condemn discriminatory employment policies or practices.

**WHEREFORE, PLAINTIFF prays for a judgment as follows:**

A.    Reinstatement of Plaintiff as an employee of Defendants, with the same job description, duties, and rank as if he had not been unlawfully terminated;

B.    Compensatory Damages, including back pay, front pay, and damages for emotional distress;

C.    For declaratory relief;

D.    For interest as state law allows;

E.    For Special Damages;

F.    For General Damages;

G.    For Punitive Damages;

H.    For civil penalties pursuant to Labor Code §§ 226(f), 1198.5(k);

I.    For attorneys' fees and costs pursuant to Government Code § 12965(b); Labor Code §§ 226(e), 226(h), and 1198.5(k);

J.    For such other and further relief as the Court deems just and proper.

1

2  Dated: September ___, 2018

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MICHAEL J. F. SMITH,**
**A PROFESSIONAL CORPORATION**

By: _____
         Michael J. F. Smith,
         Attorney for Plaintiff,
         Jack Horton

COMPLAINT
13

# EXHIBIT B

1    MORGAN, LEWIS & BOCKIUS LLP
     Kathryn T. McGuigan, Bar No. 232112
2    George S. Benjamin, Bar No. 273240
     300 South Grand Avenue
3    Twenty-Second Floor
     Los Angeles, CA  90071-3132
4    Tel:    +1.213.612.2500
     Fax:   +1.213.612.2501
5    kathryn.mcguigan@morganlewis.com
     george.benjamin@morganlewis.com
6
     Attorneys for Defendants,
7    CHARTER COMMUNICATIONS, INC. and
     BRIGHT HOUSE NETWORKS, LLC
8

CONFORMED COPY
ORIGINAL FILED ON

OCT 31 2018

MICHELLE S. MARTINEZ, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____DEPUTY

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF KINGS

11

12   JACK HORTON, an individual              Case No. 18C-0290

13                   Plaintiff;              Judge:    Valerie R. Chrissakis
                                             Dept. 8
14            vs.

15   CHARTER COMMUNICATIONS INC.,            **DEFENDANTS, CHARTER
     WHICH WILL BE DOING BUSINESS IN         COMMUNICATIONS, INC. AND
16   CALIFORNIA AS CHARTER                   BRIGHT HOUSE NETWORKS, LLC'S
     COMMUNICATIONS (CCI), INC., a           ANSWER TO PLAINTIFF'S
17   Delaware Corporation;                   UNVERIFIED COMPLAINT**
     ADVANCE/NEWHOUSE PARTNERSHIP,
18   an unknown entity; BRIGHT HOUSE         Date Action Filed: September 28, 2018
     NETWORKS, LLC, a Delaware Corporation;
19   and DOES 1-50;

20                   Defendants.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

FILED BY FAX

**GENERAL DENIAL**

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants, Charter Communications, Inc. and Bright House Networks, LLC (collectively "Defendants"), by and through their attorneys of record, hereby answer and respond to Plaintiff Jack Horton's ("Plaintiff") unverified Complaint by denying, generally and specifically, each and every allegation in Plaintiff's unverified Complaint.  Defendants further deny, generally and specifically, that Plaintiff has been damaged in the sums alleged, or any other sum, or at all, by reason of any act or omission to act on the part of Defendants or any of their agents, servants, employees, or representatives.  Defendants further deny generally and specifically, that Plaintiff is entitled to general, compensatory, statutory or other damages, in any amount by reason of any act or omission to act on the part of Defendants or on the part of their agents, servants, employees, or representatives.

**AFFIRMATIVE DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial.  The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time.  Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following separate defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

(Agreement to Arbitrate)

1.     The Complaint, and each purported cause of action contained therein, are barred because Plaintiff is contractually bound to arbitrate any and all disputes relating to the subject matters and claims for relief set forth in Plaintiff's Complaint against Defendants.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

- 1 -

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

2.     The Complaint and each cause of action fail to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Release and Waiver)

4.     Plaintiff's claims are barred in whole or in part because they have been released or waived.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Latches)

6.     Plaintiff's claims are barred in whole or in part by the equitable doctrine of latches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification and/or Privilege)

7.     Plaintiff's claims are barred in whole or in part because Defendants' acts and omissions were justified and/or privileged.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**EXHIBIT A**

## NINTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

9.      Plaintiff is not entitled to recover any damages as prayed for in the Complaint on the grounds that such damages could have been avoided under the doctrine of avoidable consequences. Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards provided by Defendants or otherwise to avoid harm.

## TENTH AFFIRMATIVE DEFENSE

(Just and Proper Exercise of Managerial Discretion)

10.      Plaintiff's claims are barred in that Defendants' actions were a just and proper exercise of management discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

## ELEVENTH AFFIRMATIVE DEFENSE

(Mixed Motive)

11.      Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because assuming, *arguendo*, that retaliatory or discriminatory reasons had been a motivating factor in any employment decisions concerning Plaintiff, Defendants would have made the same employment decisions toward Plaintiff in any case for legitimate, or non-retaliatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

12.      The Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendants have presently and/or may acquire during the course of this litigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Employment Relationship)

13.      Plaintiff's claims are bared in whole in part because Defendants, or each of them, were not Plaintiff's employer.

- 3 -

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

14.    Plaintiff's claims are barred in whole or in part because he failed to exhaust his internal and/or external administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Exceeds Scope of Administrative Charge)

15.    Plaintiff's claims brought under the Fair Employment and Housing Act ("FEHA") are barred to the extent that Plaintiff's allegations exceed the scope of his charges filed with the Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

### SIXTEENTH AFFIRMATIVE DEFENSE

(Not Qualified Individual With A Disability)

16.    Plaintiff's claims are barred in whole or in part because Plaintiff is not an individual with a disability, within the meaning of FEHA, nor was he regarded as having a disability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unable to Perform Essential Functions)

17.    Plaintiff's claims are barred in whole or in part because Plaintiff was not able to perform the essential functions of his position with or without a reasonable accommodation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Request Reasonable Accommodation)

18.    Plaintiff's claims are barred in whole or in part because to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, Plaintiff failed to request a reasonable accommodation for his alleged disability.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
EXHIBIT A
Page 42

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Adequately Engage In The Interactive Process)

19.    Plaintiff's claims are barred in whole or in part because to the extent that the Court may find that Plaintiff does have disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, Plaintiff abandoned the interactive process and/or did not participate in the interactive process reasonably and in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Danger to Others)

20.    Plaintiff's claims are barred in whole or in part because the disability accommodation or accommodations that Plaintiff sought, if any, would have imposed an undue hardship on Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Requested Accommodation Unreasonable)

21.    Plaintiff's claims are barred in whole or in part because to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability/engage in the interactive process, the accommodations sought by Plaintiff for his alleged disability were not reasonable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Undue Hardship)

22.    Plaintiff's claims are barred in whole or in part because he could not perform his position without endangering the health or safety of himself or others, even with a reasonable accommodation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Request Leave)

23.    Plaintiff's claims are barred in whole or in part because Plaintiff was not eligible for protected leave under the California Family Rights Act ("CFRA"), the FEHA, or any other law,

- 5 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT A
Page 43

1  whether statutory or otherwise, because Plaintiff did not request and/or timely request protected

2  leave.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Legitimate Non-Discriminatory Reason)

24.    Plaintiff's claims are barred in whole or in part because Defendants acted on the basis of legitimate non-discriminatory business reasons.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Job Related/Business Necessity)

25.    Plaintiff's claims are barred in whole or in part because Defendants' actions were job related and/or justified by business necessity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Good Faith Reliance on Bona Fide Criteria to Determine Job Responsibilities)

26.    Plaintiff's claims are barred in whole or in part because, assuming Plaintiff was treated differently from other employees, such treatment was fully justified on differences in individual duties, skill, effort, responsibility, difference in working conditions, and/or difference in other reasonable factors other than Plaintiff's alleged disability or age.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reasonable Care To Prevent and Correct Discrimination, Retaliation and Harassment)

27.    Plaintiff's claims are barred in whole or in part because at all relevant times Defendants acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory or otherwise unlawful behavior, thereby satisfying any legal obligation Defendants had to Plaintiff, if any.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Employment At-Will)

28.    Plaintiff's claims are barred in whole or in part because Plaintiff was an at-will employee, his employment was not governed by an oral, written or implied contract, therefore could

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
**EXHIBIT A**
**Page 44**

1    be terminated with or without notice and with or without cause at any time pursuant to California

2    Labor Code section 2922.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Personnel Records Provided – California Labor Code Section 1198.5)

5    29.    Plaintiff's cause of action for failure to permit inspection of wage and personnel

6    records is barred in whole or in part because Defendants provided the requested records to Plaintiff

7    in accordance with California Labor Code sections 226(c) and 1198.5.

### THIRTIETH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure to Furnish Wage Statements)

10    30.    Plaintiff's cause of action for failure to provide wage and personnel records is barred

11    in whole or in part because any failure of Defendants to timely furnish accurate itemized wage

12    statements was not "knowing and intentional" within the meaning of California Labor Code section

13    226.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Malice)

16    31.    Defendants have made a good faith effort to comply with all applicable anti-

17    retaliation and discrimination laws and Defendants have not engaged in any alleged conduct with

18    malice or reckless indifference to the protected rights of any aggrieved individual and, thus,

19    Plaintiff is not entitled to punitive damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Equitable Indemnity/Proportional Fault)

22    32.    Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions

23    of entities or individuals other than Defendants, including Plaintiff, and Defendants' liability, if

24    any, must be reduced by any percentage of fault attributable to those other entities and/or

25    individuals.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Punitive Damages Unavailable)

33.    Plaintiff fails to state facts sufficient to state a claim for punitive and/or exemplary damages under California Civil Code § 3294.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

34.    Plaintiff's claim for punitive damages is barred in whole or in part because Defendants did not act with malice, oppression, or fraud, and imposing punitive damages would be unconstitutional.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

35.    Plaintiff's damages, if any, must be reduced because Plaintiff failed to make reasonable efforts to mitigate his damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Pre-Existing Conditions)

36.    Insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury which is denied, some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions, not to any actions of Defendants.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Workers Compensation Exclusivity – California Labor Code 3200 to 4621)

37.    Insofar as Plaintiff is seeking damages for alleged physical and/or emotional injury which is denied, his claims are preempted and barred by the exclusive remedy provisions of the California Labor Code section 3600, *et seq.*, in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendants were subject to California Labor Code sections 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was performing services in the course and scope of his employment; (3) Plaintiff alleges that the injuries were caused by his employment; (4)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**EXHIBIT A**

1  Plaintiff's employment was covered by workers' compensation; and (5) Defendants paid the entire

2  costs for that coverage. Accordingly, this Court lacks subject matter jurisdiction over said claims.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient for Grant of Attorney's Fees or Costs)

38.     Plaintiff's Complaint fails to state facts sufficient to grant an award of attorneys'

fees and/or costs.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Offset/Set Off)

39.     Plaintiff's Complaint is subject to the doctrines of set off, offset and/or recoupment

on the part of Defendants.

### FORTIETH AFFIRMATIVE DEFENSE

(No Irreparable Harm)

40.     Plaintiff has failed to state facts sufficient to entitle him to declaratory relief because

the conduct of which Plaintiff complains will not cause irreparable harm to Plaintiff.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

41.     Plaintiff has failed to state facts sufficient to entitle him to declaratory relief, and

that remedy is barred because Plaintiff's remedies at law are adequate.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(No Justiciable Controversy)

42.     Plaintiff is not entitled to declaratory relief because there is no justiciable actual

controversy between the parties.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(Past Wrongs)

43.     Plaintiff is not entitled to declaratory relief because the Complaint seeks relief only

for past wrongs and the possibility of future disputes between the parties is merely speculative.

- 9 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Insufficient Facts – Declaratory Relief)

44.    Plaintiff is not entitled to declaratory relief because the Complaint fails to properly allege sufficient facts to state a claim for declaratory relief.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Additional Defenses)

45.    Defendants are informed and believe that they may have additional defenses available.  Defendants reserve the right to assert additional defenses after facts supporting those defenses are obtained.

WHEREFORE, Defendants pray for judgment that:

1.    That the Complaint be dismissed in its entirety with prejudice;

2.    That Plaintiff take nothing in this action;

3.    That judgment be entered in favor of Defendants and against Plaintiff;

4.    That Defendants be awarded the costs of suit incurred herein;

5.    That Defendants be awarded their reasonable attorneys' fees incurred by this action according to proof; and

6.    That the Court award Defendants such other and further relief as the Court may deem just and proper.

Dated: October 30, 2018                    MORGAN, LEWIS & BOCKIUS LLP

By _____
Kathryn T. McGuigan
George S. Benjamin
Attorneys for Defendants,
CHARTER COMMUNICATIONS, INC.
and BRIGHT HOUSE NETWORKS, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I, Vicki Anderson, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On October 31, 2018, I served a copy of the within document:

**DEFENDANTS, CHARTER COMMUNICATIONS, INC. AND BRIGHT HOUSE NETWORKS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒    by placing the document listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

Michael J.F. Smith              *Attorneys for Plaintiff*
John L. Migliazzo
Michael J.F. Smith, PC          *Tel: 559-229-3900*
1391 W. Shaw Ave., Ste. D      *Fax: 559-229-3903*
Fresno, CA 93711             *mjfsmith@mjfsmith.com*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 31, 2018, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Vicki Anderson

DB2/ 35247485.3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES